**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATAM Airlines Group S.A., *et al.*,[1] | ) | Case No. 20-11254 (JLG) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## SCHEDULE OF ASSESTS AND LIABILITIES FOR
## TAM S.A. (CASE NO. 20-11597)

---

1 The Debtors in these Chapter 11 Cases, along with each Debtor's U.S. or local tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (20-341843996); Holdco Colombia II SpA (76-9336885); Holdco Colombia I SpA (76-9310053); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85- 7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65- 0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.:  20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On May 26, 2020 (the "Initial Petition Date"), LATAM Airlines Group S.A. ("LATAM Parent") and 28 of its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (each an "Initial Debtor" and, collectively, the "Initial Debtors") commenced voluntary cases (the "Initial Chapter 11 Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On July 7, 2020 and July 9, 2020 (each, a "Subsequent Petition Date" and, together with the Initial Petition Date, as applicable to each Debtor (as defined below), the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors" and, together with the Initial Debtors, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and, together with the Initial Chapter 11 Cases, the "Chapter 11 Cases").

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable), are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (20-341843996); Holdco Colombia II SpA (76-9336885); Holdco Colombia I SpA (76-9310053); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A).  For the purpose of these Chapter 11 cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 20-11254 (JLG).

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as of the applicable Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules and Statements and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

**Reservation of Rights**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.

The Debtors have made reasonable efforts to schedule the assets and liabilities, required financial information, and cash disbursements according to the appropriate Debtor entity. However, because LATAM's accounting systems and practices were developed for consolidated reporting purposes, it is possible that not all scheduled information is attributed or recorded with the correct Debtor entity on these Schedules and Statements.

Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.  Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  In addition, certain items reported in the Schedules and Statements

could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

1.      **Basis of Presentation**.  LATAM Parent historically prepared consolidated quarterly and annual consolidated financial statements that were audited annually and included all of the Debtors, as well as affiliated non-Debtor entities (together, "LATAM").  Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by LATAM.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with IFRS (International Financial Reporting Standards), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with IFRS.

2.      **Reporting Date**.  Each Debtor operates on a fiscal year ending on December 31st annually.  All asset and liability information, except where otherwise noted, is provided as of the applicable Petition Date.

3.      **Currency**.  All amounts are reflected in U.S. dollars, which LATAM uses as its reporting currency.

4.      **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, revenues, and expenses to reflect changes in those estimates or assumptions.

3

**5.**     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined values or, conversely, claims listed as unliquidated, contingent and/ or disputed, the actual totals may be different than the listed totals.

**6.**     **Undetermined, To be Determined or Unknown Amounts**.  The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the course of the Chapter 11 Cases.

**7.**     **Asset Presentation and Valuation**.  The Debtor assets presented are based on values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements.

**8.**     **Cash Management.** The Debtors use an integrated, centralized cash management system to facilitate the collection, concentration and disbursement of the various Debtors' funds in approximately twenty-eight countries around the world.  As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.  A description of the Debtors' prepetition cash management system is contained in the *Motion of the Debtors for Interim and Final Orders Authorizing Continued Use of Cash Management System* [Docket No. 19] and further detail is contained in the *Motion to Authorize Debtors' Motion for Entry of Interim and Final Orders Directing Certain Orders in the Chapter 11 Cases of LATAM Airlines Group S.A. et al. Be Made Applicable to Subsequent Debtors* [Docket No. 484].

**9.**     **Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly  or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) intercompany loans, (iv) tax-sharing agreements, (v) warranties, (vi) operational and servicing agreements, (vii) shared service agreements, and (viii) other arrangements.

10.    **Guarantees and Other Secondary Liability Claims**.    The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "<u>Guarantees</u>") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar agreements.    Where such Guarantees have been identified, they have been included in the relevant Schedules of the Debtor or Debtors affected by such Guarantees. Where a Guarantee exists, co-obligors are listed on a Debtor's Schedule H to the extent the Debtor is either the primary obligor or the guarantor of the relevant obligation. To the extent that a Debtor is a guarantor, such Guarantees are also listed on its Schedule D or E/F, as appropriate, and listed as "contingent" and "unliquidated" unless otherwise specified. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.    Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.    In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize, reclassify, add, or remove any such contract or claim.

11.    **Pledged Assets**.    A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors.    Assets pledged as collateral include, among other things, cash, securities, inventories, equipment, aircraft, engines, spare parts, equity interests in subsidiaries, contract rights, and other related assets.

In certain instances, LATAM Parent or another Debtor may be a co-obligor or guarantor with respect to the obligations of another Debtor or non-Debtor, which obligation or guarantee is secured by property pledged by the Debtor.    To the extent that the Debtor no longer holds title to the pledged collateral securing the obligation or guarantee, such obligation or guarantee is considered unsecured and is listed on that Debtor's Schedule F.

12.    **Leases and Executory Contracts**.    Certain leases relating to LATAM's fleet are reflected twice in a Debtor's Schedules – once in the Debtor's Schedule G as an executory contract and again in the in its Schedule D or F, as appropriate, as a contingent, unliquidated claim on account of the Debtor's corresponding obligations under the lease or contract.    Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**13.    Aircraft.**  As of the Initial Petition Date, the Initial and Subsequent Debtors together operated 340 aircraft, the bulk of which were not owned directly by the Debtors and are therefore not reflected as assets on their respective Schedule A/B. These 340 aircraft comprised the entirety of LATAM's fleet, with the Initial Debtors' fleet consisting of 320 aircraft and the Subsequent Debtors' fleet consisting of the remaining 20 aircraft.  As of the Initial Petition Date, the Initial Debtors subleased 160 of the aircraft in their fleet to the Subsequent Debtors.

As to the 320 aircraft comprising the Initial Debtors' fleet, as of the Initial Petition Date: (a) 30 aircraft were directly owned by Initial Debtors;  (b) 5 aircraft were owned by trusts (each, a "Leasing Trust") in which certain of the Initial Debtors held the beneficial interests (see Global Note in response to Statement Question 12 for more detail regarding the Leasing Trusts); and (c) the remaining 285 aircraft were leased by the Initial Debtors through a combination of 187 finance and tax leases and 98 operating leases with third parties.

As to the 20 aircraft comprising the Subsequent Debtors' fleet, as of their respective Petition Dates: (a) 2 aircraft were directly owned by Subsequent Debtors; and (b) the remaining 18 aircraft were leased by the Subsequent Debtors through a combination of 15 finance and tax leases and 3 operating leases with third parties.

Under a finance or tax lease, the Debtor leases an aircraft through a separate entity (a Special Purpose Vehicle, "SPV") that is the legal owner of the aircraft.  The SPV generally finances the acquisition of the aircraft by issuing debt to a third party lender.  To the extent that a Debtor guarantees the financial obligations of an SPV to the third party lender, such guarantee is listed in accordance with Global Note 10 above.  To the extent that a Debtor owns an SPV or holds the beneficial interest in a Leasing Trust, such ownership interest will be listed on that Debtor's Schedule A/B without reference to the underlying assets of the SPV or trust.  The Debtor may then operate the aircraft or sublease the aircraft to another Debtor or non-Debtor.

Under an operating lease, the Debtor leases an aircraft directly from a third party lessor, and in some occasions, may sublease the aircraft to another Debtor or non-Debtor.

To the extent that a Debtor leases an aircraft from a non-Debtor lessor, either from an SPV or a third party under an operating lease, such lease will be reflected in the Debtor's Schedule F, as a contingent and unliquidated claim, and also in its Schedule G.  This treatment likewise applies to situations where a Debtor leases or subleases an aircraft from another Debtor.

**14.    Intercompany Transactions.**   Net intercompany balances between a given Debtor and other LATAM entities as of the applicable Petition Date are reported on such Debtor's Schedules in response to Question AB77 (Other property of any kind not already listed) for net intercompany receivables and Question F for any net intercompany payables.  Furthermore, revenues listed in Statement Part 1 (Income) include gross intercompany revenue and do not reflect any intercompany setoffs or eliminations.

**15.    Liabilities**.   Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time.   In such cases, the amounts are listed as "unknown," "to be

determined," or "undetermined."  Further, liabilities such as certain deferred liabilities, accruals, or general reserves are not included as they are general estimates and do not represent specific claims as of the Petition Date for each Debtor.  Accordingly, the total amounts listed for some categories of liabilities in the Schedules and the Statements may not be equal to the aggregate amount of the Debtors' total liabilities as noted on any financial statements issued prior to the Petition Date.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**16.**    **Creditor Facilities**.  Although there may be multiple parties that hold a portion of the debt comprising the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D, E/F, and H.

**17.**    **Confidentiality**.  The home addresses of most of the Debtors' current and former employees (including directors and officers) may reflect the office locations of the employees.

**18.**    **First Day Orders**.    The Bankruptcy Court has authorized (each, a "First Day Order") the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, payments relating to the Debtors' employee wages and compensation, severance, benefits, and reimbursable business expenses; goods and services ordered prepetition but received post-petition; customer programs and obligations;  insurance obligations; and pre-petition taxes and fees.  Given that certain of these claims are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, or may otherwise be listed as "unknown" or "to be determined."

In addition, the Bankruptcy Court has authorized the Debtors to pay certain prepetition fuel vendors, critical & foreign vendors, and lienholders.  Accordingly, the scheduled claims may not reflect those prepetition expenses that have been or will be paid in accordance with the First Day Orders.

The Debtors reserve their rights to object to any listed claims on the ground that, among other things, such claims have already been satisfied pursuant to a First Day Order.  The estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**19.**    **Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules.  The Debtors have excluded the following items which may be included in their IFRS financial statements from the Schedules:  operating leases, accrued salaries, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, restricted cash, goodwill, financial instruments, air traffic liabilities, certain other assets, and deferred revenues and gains.

The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist. Other immaterial assets and liabilities may also have been excluded.

20.     **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

21.     **Liens**. The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

22.     **Insiders**. For the purposes of their responses to Statement Question 28, the Debtors have listed the current officers and directors for each individual Debtor entity to the extent available based on current records. For the purposes of Statement Question 29, only certain Debtors, including LATAM Parent, have listed the names of its former officers and directors. For purposes of Statement Question 4 and 30, the Debtors have only included the following as "insiders," consistent with LATAM's financial reporting obligations to the U.S. Security Exchange Commission:  all members of the board of directors of LATAM and LATAM's principal officers (members of management who are responsible for determining the Company's operating policies and financial undertakings, including Vice-Presidents, Chief Executives and Senior Directors).

          Persons listed as "insiders" have been included for informational purposes only and do not constitute an admission that any such individuals are insiders for purposes of the Bankruptcy Code or otherwise. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors;  (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

23.     **Signatory**. The Schedules and Statements have been signed by Ramiro Alfonsín Balza, in his capacity as Chief Financial Officer of LATAM. In reviewing and signing the Schedules

and Statements, he has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel and professionals. He has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**24.** **COVID-19.** The Debtors have filed these Schedules and Statements amidst the unprecedented circumstances arising from the global COVID-19 pandemic. Such circumstances have complicated the preparation of these Schedules and Statements and Global Notes in as much as the Debtor's management and outside professionals have been limited to working remotely and have been unable to meet in person.

**25.** **Limitation of Liability**. The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or correctness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

<b>Schedules of Assets and Liabilities</b>

**Schedule A/B Notes**.

- <u>General</u>. Each Debtor's assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- <u>Cash and Cash Equivalents (AB1 through AB5)</u>. The reported bank balances (including investments and overnight accounts) and cash on hand include cash held in various currencies, converted into U.S. dollars per the Debtors' accounting policies as of the Petition Date. Cash on hand includes cash held at airport and office locations, as well as petty cash for incidental expenses. The Debtors excluded accounts with no current balances that may be seldomly used or inactive.

- <u>Deposits (AB7)</u>. The Debtors have made reasonable efforts to identify all deposits. However, the Schedules may not reflect an exhaustive list of deposits. The amounts listed by the Debtors in response to AB7 include deposits by Debtors that may have been offset and withdrawn post-petition by the counterparty.

- <u>Prepayments (AB8)</u>.  Included in these amounts are those pre-delivery payments (PDPs) made by the Debtors pursuant to certain aircraft purchase agreements with Airbus and Boeing in relation to future aircraft deliveries.  To the extent that a PDP was financed by a Debtor, such financing is reflected in Schedules D, E/F, G, or H, where applicable.  The Debtors also included in response to AB8 prepayments related to travel bookings, for which the Debtors make advance payments to certain third parties

- <u>Accounts Receivable (AB11)</u>.  Accounts receivable include ordinary course receivables, and may also include any net credits in favor of the Debtors with respect to their trade payables.

- <u>Non-publicly traded stock (AB15)</u>.  Ownership interests in subsidiaries, trusts, and other affiliates have been identified in AB15 in an unknown value, as the fair market value of such ownership interest would be difficult to ascertain.  Each Debtor's Schedule A/B reflects only those subsidiaries, trusts, and other LATAM entities in which the Debtor has a direct ownership interest.

- <u>Inventory (AB19 through AB26)</u>.  Items listed in AB19-26 are scheduled according to their net book value.  The Debtors have made reasonable efforts to identify or estimate all inventory included in AB21 that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in identifying these amounts.

- <u>Office Furniture, Fixtures and Equipment (AB38 through AB45)</u>.  Items listed in AB38-45 are scheduled according to their net book value.  The Debtors have made reasonable efforts to identify all assets; however, it is possible that inadvertent errors, misclassifications, or omissions may have occurred, or that property of *de minimis* value is not included in response to this question.

- <u>Machinery, Equipment, and Vehicles (AB46 through AB53)</u>.  Aircraft and engines listed by a Debtor in response to AB47-50 reflect only those aircraft and engines in which that Debtor holds a direct ownership interest, and are listed according to their net book value.  To the extent that a Debtor holds an ownership interest in a subsidiary or Leasing Trust that in turn holds title to an aircraft or engine, the Debtor's Schedule A/B will reflect only the ownership interest in the subsidiary or Leasing Trust and not the underlying aircraft or engine.  Those aircraft and engines leased by a Debtor, either from a subsidiary, parent, or third party, are reflected on the Debtor's Schedule G as an executory contract, with the associated obligations under the lease listed on the Debtor's Schedule F.  The Debtors have made reasonable efforts to identify all assets; however, it is possible that inadvertent errors, misclassifications, or omissions may have occurred, or that property of *de minimis* value is not included in response to this question.

- <u>Intangibles and Intellectual Property (AB60 through AB65)</u>.  The Debtors have not listed or assigned any value for their goodwill.   The Debtors do not ascribe in their books and records any value with respect to certain items listed.  Therefore, such items' net book and current value are marked as unknown.

- Tax Refunds and Unused Net Operating Losses ("NOL") (AB72).  Under Brazilian and Chilean tax law, the tax year in which each NOL accrued is not relevant for the application of the NOLs, which continue to accumulate and do not expire.  The Debtors therefore did not list the tax year in scheduling certain NOLs.

- Other Property of Any Kind Not Already Listed (AB77).  Each Debtor has attached an exhibit, where applicable, listing that Debtor's intercompany receivables, on a net basis, with all other LATAM entities, both Debtors and non-Debtors.  The intercompany receivables reflect amounts owed pursuant to various ordinary course transactions between LATAM entities.  The Debtors have made all reasonable efforts to schedule all outstanding obligations between each Debtor and other LATAM entities.  Nonetheless, the list may be incomplete.

**Schedule D Notes**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

- Certain claims are listed on Schedule D as "unliquidated" because the value of the collateral securing such potential claims is unknown.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect the approximate principal amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in

these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities. Moreover, because the Debtors have scheduled all claims in U.S. dollars, foreign creditors asserting claims in local currencies may disagree with the scheduled amounts due to differences in applied conversion rate.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F was incurred or arose, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

- On Schedule F, each Debtor has attached an exhibit listing that Debtor's intercompany payables, on a net basis, with all other LATAM entities, both Debtors and non-Debtors.  The intercompany payables reflect amounts owed pursuant to various ordinary course transactions between LATAM entities.  The Debtors have made all reasonable efforts to schedule all outstanding obligations between each Debtor and other LATAM entities.  Nonetheless, the list may be incomplete.

- The Bankruptcy Court has authorized the Debtors to pay, in whole or in part, prepetition claims relating to the Debtors' employee wages and compensation, benefits, and reimbursable business expenses.   Accordingly, a Debtor's Schedule E/F only reflects those employee related claims due and owing as of the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in whole or in part.

- Schedule E/F also contains information regarding pending litigation involving the Debtors.  However, certain omissions may have occurred.  In the case of the Subsequent Debtors only, certain litigations require that a surety bond or a bank guarantee be posted by the Debtor, and in such cases, these financial instruments are listed on the Debtor's

Schedule E/F while the associated litigations are excluded to avoid duplication. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-related claims may be subject to certain disclosure restrictions and/or may be of a peculiarly personal and private nature. The Debtors continue to research any possible restrictions with respect to disclosure of asserted or potential litigation-related claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Certain litigations reflected as claims for or against one Debtor may relate to one or more of the other Debtors. The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of each Debtor that is party to the action. For the Initial Debtors, where this was not possible, LATAM Parent was listed as the defendant. Moreover, given the number of litigations involving Debtors, the Schedules do not contain specific details of every litigation, such as the names and addresses of each party to a given litigation.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Furthermore, payments to critical and foreign vendors, lienholders and fuel suppliers made subsequent to the filing of these Schedules will not reflected in these Schedules. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/ or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the

13

classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- In some cases, the same contract counterparty appears multiple times in a Debtor's Schedule G. This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. A Debtor's Schedule G may be amended at any time to add or remove, as the case may be, any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the leases listed on Schedule G may contain renewal options, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may also be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- To the extent that a Debtor is the lessee of an aircraft and also subleases the aircraft to another LATAM entity, both the lease and the sublease will be listed on the Debtor's Schedule G, in its capacity as lessee and sublessor, respectively.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other

parties.  All such claims are "contingent," "unliquidated," and "disputed," and not all claims may have been set forth individually on Schedule H.

## Statement of Financial Affairs

**Statement Question 1 and 2 – Revenue**.   Intercompany eliminations are not included.

**Statement Question 3 – 90 Day Payments.**   Due to the complex nature of LATAM's global operations, the listed 90-day payments likely do not constitute an exhaustive list.  The Statements may not include payments that were made by non-Debtor LATAM affiliates where part, or all, of the payment benefitted one or more of the Debtors.  Likewise, some disbursements made by one or more of the Debtors within the 90-day period may have benefitted non-Debtors LATAM affiliates.  Payments by Debtors to vendors through intermediaries may not reflect the ultimate beneficiary of these payments;  however, the Debtors have worked to reclassify these payments where possible.

**Statement Question 4 – Payments to Insiders.**   The response of LATAM Parent to Statement Question 4 contains the full list of payments made to insiders on behalf of all Debtors in the aggregate during the one year preceding LATAM Parent's Petition Date.  Because the response of LATAM Parent lists the aggregate payments to each insider, which are inclusive of those insider payments made on account of all other Debtors, the Statements of the remaining Debtors do not include any separate responses to Statement Question 4. Due to privacy and security concerns associated with the public disclosure of the names and income of the Debtors' officers and employees in their home countries, the Debtors have redacted the names of the transferees listed in response to Statement Question 4, and have instead identified the transferees by "Individual 1,"  Individual  2," etc.  Additionally, because certain senior officers would otherwise be easily identifiable based on their respective incomes, in the interest of their privacy and security, the Debtors have also redacted the amounts of the payments for these officers. Refer to Global Note "Insiders" for further information.

**Statement Question 6 – Setoffs.**  The Debtors are routinely subject to setoffs from third parties in the ordinary course of business.   Setoffs in the ordinary course result from routine transactions, including, but not limited to, intercompany transactions, counterparty settlements (in particular, interline ticketing setoffs with other carriers, *e.g.* IATA or other interline settlements), pricing discrepancies, setoffs with credit card processing companies, and other disputes between Debtors and third parties. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and are not listed in the Debtors' responses to Statement Question 6.  Furthermore, the Debtors engage in certain customer programs, including credits and refunds.  Such transactions were also not included in responding to Statement Question 6, although the Debtors reserve all rights with respect thereto and make no admission of waiver thereby.  The Debtors reserve all rights to enforce or challenge any setoffs that have been or may be asserted.

**Statement Question 7 – Legal Actions.**   The Debtors have made reasonable best efforts to identify all current pending litigation involving the Debtors; however, certain omissions may have occurred.  In the interest of efficiency, certain legal actions with relatively small amounts in

dispute have been listed on the Schedule of LATAM Parent, regardless of which Debtor is the named defendant in such legal action.

**Statement Question 9 – Certain Gifts and Charitable Contributions.**  In response to Statement Question 9, the Debtors did not include non-cash gifts such as frequent flier program mile donations and ticket upgrades, which were deemed to have no value to the Debtors.

**Statement Question 10 - Certain Losses**.  The Debtors did not include losses covered by insurance in their responses to Statement Question 10.

**Statement Question 12 – Self-Settled Trusts.**  The Debtors have established certain domestic aircraft trusts for the purposes of holding title to aircraft eligible for FAA registration in the United States.   To the extent that a Debtor is the settlor and beneficiary of such an aircraft trust that holds title to an aircraft, the Debtor's beneficial ownership interest in the trust will be listed as personal property on its Schedule A/B, the trust agreement with the aircraft trustee will be listed on Schedule G, and the Debtor's corresponding obligations to the aircraft trustee will be listed as a contingent, unsecured unliquidated claim on its Schedule F.  To the extent that a Debtor holds an ownership interest in a subsidiary LATAM entity that in turn is the settlor and beneficiary of such an aircraft trust, only the Debtor's ownership interest in the subsidiary will be listed as personal property on the Debtor's Schedule A/B.

**Statement Question 14 – Previous Addresses**.  Due to the consolidated nature of LATAM's operations, the same address may be listed on the schedules of multiple Debtors.  In certain instances, the Debtors have listed airport addresses generally, without identifying any specific offices, terminals, warehouses, hangars, or other structures in which the Debtors physically operated.  This is customary practice and received mail is sorted accordingly for delivery at airports.  The Debtors also excluded from their responses any airport locations at which they did not have routine operations during the specified time period.

**Statement Question 16 – Personally Identifiable Information**.  The LATAM company privacy policies are disclosed on its public website, in multiple languages, and are presented to customers upon booking tickets or signing up for frequent flyer programs.

**Statement Question 17 – ERISA Plan as an Employee Benefit**.   Certain Debtors sponsor ERISA plans for their U.S. employees only.  These 401(k) plans are included in the exhibit for Statement Question 32.  The Debtors do not sponsor a pension fund.

**Statement Question 20 – Off-Premises Storage.** In response to Statement Question 20, the Debtors listed off-premises storage of inventory of such as archived documents and boarding materials, including blankets and pillows.  The appropriate employees are provided with access to these facilities as per the Company's policies.  Due to the consolidated nature of the Debtors' books and records, each Initial Debtor's response to Statement Question 20 contains the aggregate list of all property stored off premises for all Initial Debtors;   likewise each Subsequent Debtor's response contains the aggregate list of property for all Subsequent Debtors. Aircraft parked at off-premises facilities are excluded.

**Statement Question 21 – Property Held for Another.**  In response to Statement Question 21, the Debtors did not include property owned by third parties held by a Debtor during repair or otherwise in the ordinary course of business where possession is temporary and for the purpose of addressing operational needs.  All property listed in response to Statement Question 21 for all Initial Debtors was aggregated under LATAM Parent;  likewise, all property listed in response to Statement Question 21 for all Subsequent Debtors was aggregated under TAM Linhas Aéreas S.A.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.**  Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed only the direct subsidiaries of each Debtor entity.

**Statement Question 26b - Firms or Individuals Who Have Audited, Compiled, Or Reviewed Debtor's Books.**  Other third parties may have audited, compiled, or reviewed the Debtor's books but are not included in the Debtors' responses to Statement Question 26b.

**Statement Question 26c – Firms or Individuals in Possession of Debtor's Books of Account and Records.**  Other third parties besides those listed may possess a subset of the Debtor's books and records but are not included in the Debtors' responses to Statement Question 26c.

**Statement Question 26d – Recipients of Financial Statements.**  LATAM Parent is a publicly traded company with publicly available financial statements.  Any number of parties may have received LATAM Parent's financial statements for the purposes of Statement Question 26d.  For this reason, LATAM Parent and each of the Debtors, which are all direct or indirect subsidiaries of LATAM Parent, did not provide a response to Statement Question 26d.

**Statement Question 27 – Inventories.**  The Debtors' responses to Statement Question 27 do not include routine informal inventories, during which Debtors perform cycle counts on parts and other operational inspections, or the Debtors' ordinary course maintenance of inventory records as part of their overall financial and accounting systems.

**Statement Question 28 and 29 – Current and Former Officer and Directors.**  While the Debtors have made reasonable best efforts to list all current officers and directors for each Debtor in response to Statement Questions 28 and 29, some may have been omitted.  The exercise of obtaining contact information for all prior officers and directors of all Debtors, especially for the smaller subsidiary Debtors, would incur a significant burden on the Debtors' management without providing much corresponding benefit in terms of useful information to creditors and parties in interest.  See Global Note "Insiders" for further information.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

**Statement Question 32 – Contributions to Pension Funds.**  While the Debtors in total contribute to approximately 59 different pension funds and similar government programs as required by local labor laws, they do not sponsor any pension funds.

**Fill in this information to identify the case:**

Debtor name    **TAM S.A.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **20-11597**

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.    ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................    $          1,965.14

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*...........................................................................    $     33,885,443.10

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.............................................................................    $     33,887,408.24

| Part 2: | Summary of Liabilities |
|---|---|

2.    ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................    $          0.00

3.    ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................    $          0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................    $     276,706,976.19

4.    Total liabilities ........................................................................................
    Lines 2 + 3a + 3b                    $     276,706,976.19

| Fill in this information to identify the case: |
|---|
| Debtor name **TAM S.A.** |
| United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) **20-11597** |

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.       **Cash on hand** | $501.22 |

3.        **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

| 3.1.   **See Attached Schedule A/B, Part 1, Question 3** | | | $5,023,746.02 |
|---|---|---|---|

4.        **Other cash equivalents** *(Identify all)*

5.        **Total of Part 1.**

| | $5,024,247.24 |
|---|---|

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7.        **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1.   **VARIOUS COURTS - JUDICIAL DEPOSITS (JUDICIAL BLOCK)** | $34,249.93 |
|---|---|

8.        **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Debtor   **TAM S.A.**                                                Case number *(If known)*  **20-11597**
_____
Name

9.   **Total of Part 2.**                                                                  | $34,249.93 |

Add lines 7 through 8. Copy the total to line 81.

---

| **Part 3:** | **Accounts receivable** |

**10. Does the debtor have any accounts receivable?**

- ■ No.  Go to Part 4.
- ☐ Yes Fill in the information below.

---

| **Part 4:** | **Investments** |

**13. Does the debtor own any investments?**

- ☐ No.  Go to Part 5.
- ■ Yes Fill in the information below.

|  |  | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1** Name of fund or stock: | | |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** Name of entity: | % of ownership | |
| 15.1. | **Multiplus Corretora de Seguros Ltda.** | **0.0100** % | **N/A** | Unknown |
| 15.2. | **TAM Linhas Aéreas S.A.** | **100.0000** % | **N/A** | Unknown |
| 15.3. | **Corsair Participacoes** | **100.0000** % | **N/A** | Unknown |
| 15.4. | **Aerolinhas Brasileiras S.A.** | **100.0000** % | **N/A** | Unknown |
| 15.5. | **Transportes Aereoes del Mercosur S.A.** | **94.9800** % | **N/A** | Unknown |
| 15.6. | **TP Franchising Ltda.** | **99.9900** % | **N/A** | Unknown |
| 15.7. | **Prismah Fidelidade Ltda.** | **0.0100** % | **N/A** | Unknown |

16.   **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17.   **Total of Part 4.**                                                                  | $0.00 |

Add lines 14 through 16.  Copy the total to line 83.

| Debtor | **TAM S.A.** | Case number *(If known)* | **20-11597** |
|---|---|---|---|
| | Name | | |

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture**<br>Office Furniture | $1,268.02 | Net Book Value | $1,268.02 |

40.  **Office fixtures**

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

42.  **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
    Add lines 39 through 42.  Copy the total to line 86.

| | $1,268.02 |
|---|---|

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☐ No
    ■ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| | General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |

---

| Debtor | **TAM S.A.** | Case number *(If known)* | **20-11597** |
|---|---|---|---|
| | Name | | |

48.  **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| **Other machinery, fixtures and equipment, excluding farm equipment** | $28.00 | Net Book Value | $28.00 |

51.  **Total of Part 8.**

|  |
|---|
| $28.00 |

Add lines 47 through 50. Copy the total to line 87.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☑ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
☑ Yes Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **Other (Facilities or minor infrastructure work)** | **Building/Infrastructure** | $1,965.14 | Net Book Value | $1,965.14 |

56.  **Total of Part 9.**

|  |
|---|
| $1,965.14 |

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
☑ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

| Debtor | **TAM S.A.** | Case number *(If known)* | **20-11597** |
|---|---|---|---|
| | Name | | |

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:**    **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  |  | | **Current value of debtor's interest** |
|---|---|---|---|
| 71. | **Notes receivable** Description (include name of obligor) | | |
| 72. | **Tax refunds and unused net operating losses (NOLs)** Description (for example, federal, state, local) | | |
| | **Net Operating Loss** | Tax year **N/A** | **$25,350,000.00** |
| | **Other refunds and credits** | Tax year **N/A** | **$3,475,257.76** |
| 73. | **Interests in insurance policies or annuities** | | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | | |
| | **Tax claim against Delegado da Delegacia Especial da RFB de Administração Tributária em São Paulo (DERAT-SP)** | | **Unknown** |
| | Nature of claim   **Tax - Legal Proceeding** | | |
| | Amount requested          **$207,178.90** | | |
| | **Tax claim against Delegado da Delegacia Especial da Receita Federal do Brasil em São Paulo** | | **Unknown** |
| | Nature of claim   **Tax - Legal Proceeding** | | |
| | Amount requested          **$1,420,689.53** | | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | | |
| 76. | **Trusts, equitable or future interests in property** | | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | | |
| | **Intercompany Receivable - TAM Linhas Aereas S.A.** | | **$392.15** |

| 78. | **Total of Part 11.** | **$28,825,649.91** |
|---|---|---|
| | Add lines 71 through 77. Copy the total to line 90. | |

**79.    Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No

Debtor    **TAM S.A.**
Name

Case number *(If known)*    **20-11597**

☐ Yes

Debtor      **TAM S.A.**                                    Case number *(If known)*  **20-11597**
            Name

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$5,024,247.24** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$34,249.93** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| 83. **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$1,268.02** | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$28.00** | |
| 88. **Real property.** *Copy line 56, Part 9*............................................................................> | | **$1,965.14** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + **$28,825,649.91** | |
| 91. **Total.** Add lines 80 through 90 for each column | **$33,885,443.10** | + 91b. **$1,965.14** |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | **$33,887,408.24** |

Case No. 20-11597

Schedule A/B Part 1, Question 3 - Checking, savings or other financial accounts, certificates of deposit, shares in banks, savings, etc.

| Name of Institution | Type of Account | Last 4 digits of account number | Current Value of Debtor's Interest |
|---|---|---|---|
| BANCO BRADESCO | INCOME | 6773 | $921.44 |
| BANCO BTG PACTUAL | INACTIVE | 4502 | $3,194.81 |
| BANCO DO BRASIL | PAYMENT | 184X | $7,716.17 |
| BANCO DO BRASIL | OVERNIGHT | 184X | $334.79 |
| BANCO ITAU | TIME DEPOSIT | 1976 | $38,148.55 |
| BANCO SANTANDER | PAYMENT | 0025 | $4,171.47 |
| BANCO SANTANDER | INVESTMENT | 0025 | $1,743.92 |
| BANCO SANTANDER | OVERNIGHT | 0025 | $1,049.72 |
| BNP PARIBAS | INVESTMENT | 4001 | $8,729.73 |
| BTG PACTUAL | TIME DEPOSIT | 4948 | $4,957,735.42 |
| | | **TOTAL:** | **$5,023,746.02** |

| Fill in this information to identify the case: |
|---|
| Debtor name **TAM S.A.** |
| United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known)    **20-11597** |

☐ Check if this is an
   amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
|---|

Debtor name    **TAM S.A.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **20-11597**

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.    Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.    List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>**LAN CARGO OVERSEAS LIMITED**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  INTERCOMPANY PAYABLE<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$543,799.85** |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>**LATAM AIRLINES GROUP, S.A.**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  INTERCOMPANY PAYABLE<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$41,000.00** |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>**See Attached Schedule F**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ☐ No  ☐ Yes | **$276,122,176.34** |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

Total of claim amounts

| Debtor | **TAM S.A.** | Case number (if known) | **20-11597** |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ | **276,706,976.19** |
| | | | |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | **276,706,976.19** |

In re TAM S.A.
Case No. 20-11597
Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date Debt was Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 5/31/2011 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACION CENTAURUS, A.I.E. | X | X | | | UNKNOWN |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 6/24/2011 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACION CENTAURUS, A.I.E. | X | X | | | UNKNOWN |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 6/28/2011 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACION CENTAURUS, A.I.E. | X | X | | | UNKNOWN |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 5/31/2011 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4734 | X | X | | | UNKNOWN |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 6/17/2011 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4756 | X | X | | | UNKNOWN |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 6/28/2011 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4773 | X | X | | | UNKNOWN |
| AVIACIÓN CENTAURUS, A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 4/27/2011 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACION CENTAURUS, A.I.E. | X | X | | | UNKNOWN |
| AVIACIÓN CENTAURUS, A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 4/25/2011 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4662 | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 2/8/2010 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACIÓN TRITÓN A.I.E. | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 2/8/2010 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACIÓN TRITÓN A.I.E. | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 2/9/2010 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: AVIACIÓN TRITÓN A.I.E. | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 8/13/2009 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4000 | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 1/29/2010 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4163 | X | X | | | UNKNOWN |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | 1/29/2010 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV): MSN 4171 | X | X | | | UNKNOWN |
| BRAZIL TRANSLATIONS E SOLUTIONS LTD | PRACA SO 21. | | | SAO PAULO | | | BRAZIL | VARIOUS | ACCOUNTS PAYABLE | | | | | $17.34 |
| CITIBANK (AS FACILITY AGENT, EXIM ISSUED BY ZARAPITO LEASING LLC) | CITIBANK, N.A., LOAN ADMINISTRATION | 1615 BRETT ROAD, OPS 3 | | NEW CASTLE | DELAWARE | 19720 | | VARIOUS | UNSECURED GUARANTEE (SPV LENDER AGREEMENT) | X | X | | | $138,670,419.00 |
| CONSUMIDORES LIBRES COOP. LTDA | AVENIDA ANDRÉS REYES N°338 PISO 6, SAN ISIDRO PERU | | | LIMA | | | PERU | N/A | PENDING LITIGATION (CONSUMIDORES LIBRES COOP. LTDA) | X | X | X | | UNKNOWN |
| CONSUMIDORES LIBRES COOP. LTDA | CONECTOR ALPACHACA S/N EDIFICIO, QUITO AIRPORT CENTER, QUITO ECUADOR | | | QUITO | | | ECUADOR | N/A | PENDING LITIGATION (CONSUMIDORES LIBRES COOP. LTDA) | X | X | X | | UNKNOWN |
| CONSUMIDORES LIBRES COOP. LTDA | ESTADO 10, PISO 11 | | | SANTIAGO | | | CHILE | N/A | PENDING LITIGATION (CONSUMIDORES LIBRES COOP. LTDA) | X | X | X | | UNKNOWN |
| DELEGACIA DA RECEITA FEDERAL | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - TAX - ADMINISTRATIVE PROCEEDING | X | X | X | X | UNKNOWN |
| DIRECCIÓN DE IMPUESTOSY ADUANAS NACIONALES | CARRERA 7 NO 34 - 69 | | | BOGOTÁ | | | COLOMBIA | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |

In re TAM S.A.
Case No. 20-11597
Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date Debt was Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIRECIÓN GENERAL IMPOSITIVA | AV. DANIEL FERNÁNDEZ CRESPO 1534 | | | MONTEVIDEO | | | URUGUAY | VARIOUS | POTENTIAL TAX CLAIMS | X | X | | | TO BE DETERMINED |
| EMPRESA BRASILEIRA DE INFRAESTRUTURA AEROPORTUARIA INFRAERO | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - GENERAL | X | X | X | X | UNKNOWN |
| FLYAFI 1 S.R.L. | VIA OLONA, 20123 | | | MILAN | | | ITALY | 9/22/2008 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 37665 | X | X | | | UNKNOWN |
| FLYAFI 2 S.R.L. | VIA OLONA, 20123 | | | MILAN | | | ITALY | 12/3/2008 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 37666 | X | X | | | UNKNOWN |
| FLYAFI 3 S.R.L. | VIA OLONA, 20123 | | | MILAN | | | ITALY | 12/10/2008 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 37667 | X | X | | | UNKNOWN |
| LAN CARGO S.A. | ESTADO 10, PISO 13 | | | SANTIAGO | | | CHILE | VARIOUS | POTENTIAL CLAIM FOR SUBROGATION / CONTRIBUTION IN CONNECTION WITH GOLONDRINA LEASING LLC | X | X | | | UNKNOWN |
| LAN CARGO S.A. | ESTADO 10, PISO 13 | | | SANTIAGO | | | CHILE | VARIOUS | POTENTIAL CLAIM FOR SUBROGATION / CONTRIBUTION IN CONNECTION WITH ZARAPITO LEASING LLC | X | X | | | UNKNOWN |
| LAN TUR | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - TRAVEL AGENCY | X | X | X | X | UNKNOWN |
| LR7 TOUR VIAGENS E TURISMO EIRELLI ME | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - FRANCHISE | X | X | X | X | UNKNOWN |
| MINISTERIO DA FAZENDA | AV PRESTES MAIA 733. 733. | | | SAO PAULO | | | BRAZIL | VARIOUS | ACCOUNTS PAYABLE | X | X | X | | TO BE DETERMINED |
| MINISTRY OF FINANCE, INCOME TAX DEPARTMENT | ARA CENTRE E-2, GROUND FLOOR, JHANDEWALAN EXTENSION, 110005 | | | NEW DELHI | DELHI | 11000 | INDIA | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| NATIXIS (AS FACILITY AGENT) | 30, AVENUE PIERRE MENDES | | | PARIS | | | FRANCE | 4/19/2012 | POTENTIAL CLAIM UNDER SWAP AGREEMENT; SPV: NBB RIO DE JANEIRO LEASE CO., LTD. AND NBB BRASILIA LEASE LLC | X | X | | | UNKNOWN |
| NATIXIS (AS FACILITY AGENT) | 30, AVENUE PIERRE MENDES | | | PARIS | | | FRANCE | 2/16/2011 | POTENTIAL CLAIM UNDER SWAP AGREEMENT; SPV: NBB SÃO PAULO LEASE CO., LIMITED | X | X | | | UNKNOWN |
| NATIXIS (AS FACILITY AGENT) | 30, AVENUE PIERRE MENDES | | | PARIS | | | FRANCE | 3/27/2012 | POTENTIAL CLAIM UNDER SWAP AGREEMENT; SPV: SL ALCYONE LTD. | X | X | | | UNKNOWN |
| NBB RIO DE JANEIRO LEASE CO., LTD. AND NBB BRASILIA LEASE LLC | 3-3-2, NIHONBASHI HAMACHO | | | TOKYO | CHUO-KU | 103- 0007 | JAPAN | 4/19/2012 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 5066 | X | X | | | UNKNOWN |
| NBB SÃO PAULO LEASE CO., LIMITED | 3-3-2, NIHONBASHI HAMACHO | | | TOKYO | CHUO-KU | 103- 0007 | JAPAN | 2/16/2011 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 4570 | X | X | | | UNKNOWN |
| PANTANAL LINHAS AÉREAS S.A | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - GENERAL | X | X | X | X | UNKNOWN |
| PERI VIAGENS AGENCIA DE TURISMO LTDA | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - FRANCHISE | X | X | X | X | UNKNOWN |
| PREFEITURA MUNICIPAL DE SÃO PAULO | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - TAX - LEGAL PROCEEDING | X | X | X | X | UNKNOWN |
| QUALITÁ TOUR OPERADORA E AGENCIA DE TURISMO LTDA-ME | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - FRANCHISE | X | X | X | X | UNKNOWN |
| RECEITA FEDERAL DO BRASIL | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - TAX - ADMINISTRATIVE PROCEEDING | X | X | X | X | UNKNOWN |
| SECRETARIA DA FAZENDA DA BAHIA | AV. TANCREDO NEVES, 776 - B - CAMINHO DAS ÁRVORES, 41820-021 | | | SALVADOR | BA | 41820-021 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DE MINAS GERAIS | RODOVIA PAPA JOÃO PAULO II, 4.001 | 6º E 7º ANDAR - 31.630-901 | | BELO HORIZONTE | MG | | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DE RORAIMA | PRAÇA DO CENTRO CÍVICO, 466 - 69301-380 | | | BOA VISTA | RR | 69301-380 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DE SANTA CATARINA | R. TEN. SILVEIRA, 60 - CENTRO - 88010- 300 | | | FLORIANÓPOLIS | SC | 88010-300 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DO DISTRITO FEDERAL | ANEXO DO PALÁCIO DO BURITI | SALA 1001 | | BRASÍLIA | DF | | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DO ESPIRITO SANTO | ED. AURELIANO HOFFMAN | AV. JOÃO BATISTA PARRA, 600 - ES, 29050-375 | | VITORIA | ES | 29050-375 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |

In re TAM S.A.
Case No. 20-11597
Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date Debt was Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SECRETARIA DA FAZENDA DO MATO GROSSO | AV. HISTORIADOR RUBENS DE MENDONÇA, 3415 - CENTRO POLÍTICO ADMINISTRATIVO - 78050-903 | | | CUIABÁ | MT | 78050-903 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DO MATO GROSSO DO SUL | AV. DES. JOSÉ NUNES DA CUNHA, BLOCO 02 - 79.031- | | | CAMPO GRANDE | MS | 79004-310 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA FAZENDA DO RIO DE JANEIRO | AV. GUILHERME MAXWEL, 542 - BONSUCESSO | | | RIO DE JANEIRO | RJ | 21042-110 | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA RECEITA FEDERAL DO BRASIL | SETOR DE EDIFÍCIOS PÚBLICOS NORTE - SEPN 513 - BLOCO D - LOJA 38 | | | BRASÍLIA | DF | | BRAZIL | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SECRETARIA DA RECEITA FEDERAL DO BRASIL | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - TAX - ADMINISTRATIVE PROCEEDING | X | X | X | X | UNKNOWN |
| SECRETARIA MUNICIPAL DE FINANÇAS E | VD DO CHA 15. | | | | | | | VARIOUS | ACCOUNTS PAYABLE | X | X | X | | TO BE DETERMINED |
| SERVICIO DE IMPUESTOS NACIONALES | CALLE BALLIVIAN, NO. 1333, ZONA CENTRAL | | | LA PAZ | | | BOLIVIA | VARIOUS | POTENTIAL TAX CLAIMS | X | X | X | | TO BE DETERMINED |
| SG INFRAESTRUCTURE ITALIA S.R.L. | VIA OLONA, 20123 | | | MILAN | | | ITALY | 8/1/2008 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 37664 | X | X | | | UNKNOWN |
| SL ALCYONE LTD. | 4-14, KORAKU 1-CHOME | | | TOKYO | BUNKYO-KU | 112-8574 | JAPAN | 3/27/2012 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 5101 | X | X | | | UNKNOWN |
| TRANSPORTE AÉREO S.A. | ESTADO 10, PISO 11 | | | SANTIAGO | | | CHILE | VARIOUS | POTENTIAL CLAIM FOR SUBROGATION / CONTRIBUTION IN CONNECTION WITH GOLONDRINA LEASING LLC | X | X | | | UNKNOWN |
| TRANSPORTE AÉREO S.A. | ESTADO 10, PISO 11 | | | SANTIAGO | | | CHILE | VARIOUS | POTENTIAL CLAIM FOR SUBROGATION / CONTRIBUTION IN CONNECTION WITH ZARAPITO LEASING LLC | X | X | | | UNKNOWN |
| UNIÃO FEDERAL | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - TAX - LEGAL PROCEEDING | X | X | X | X | UNKNOWN |
| URIEL VIAGENS E TURISMO LTDA | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - FRANCHISE | X | X | X | X | UNKNOWN |
| VARIG VIAÇÃO AÉREA RIOGRANDENSE S/A | N/A | | | N/A | N/A | N/A | N/A | N/A | PENDING LITIGATION - CIVIL LITIGATION - GENERAL | X | X | X | X | UNKNOWN |
| WACAPOU LEASING S.A. | 412F, ROUTE D'ESCH, L-1030 | | | LUXEMBOURG CITY | | L-1030 | LUXEMBOURG | 11/26/2008 | OBLIGATIONS UNDER SALES AGENCY AGREEMENT; SPV: WACAPOU LEASING S.A. | X | X | | | UNKNOWN |
| WACAPOU LEASING S.A. | 412F, ROUTE D'ESCH, L-1030 | | | LUXEMBOURG CITY | | L-1030 | LUXEMBOURG | 11/26/2008 | UNSECURED GUARANTEE OF AN EXTERNAL AIRCRAFT LEASE (SPV); MSN 3662 | X | X | | | UNKNOWN |
| WELLS FARGO (AS FACILITY AGENT, EXIM ISSUED BY GOLONDRINA LEASING LLC) | WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION | 260 NORTH CHARLES LINDBERGH DRIVE | | SALT LAKE CITY | UTAH | 84116 | | VARIOUS | UNSECURED GUARANTEE (SPV LENDER AGREEMENT) | X | X | | | $137,451,740.00 |
| | | | | | | | | | | | | | TOTAL: | $276,122,176.34 |

**Fill in this information to identify the case:**

Debtor name **TAM S.A.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **20-11597**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          **12/15**

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal          Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.   State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **See Attached Schedule G** |

In re TAM S.A.
Case No. 20-11597
Schedule G - Executory Contracts and Unexpired Leases

| Contract Counterparty | Address1 | Address2 | Address3 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term | Contract Expiration Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AIG SEGUROS BRASIL S.A. | ATTN: GENERAL COUNSEL | AV. PRESIDENTE JUSCELINO KUBITSCHEK, 2041, 10º ANDAR | | SAO PAULO, SP | | 04543-011 | BRAZIL | INSURANCE AGREEMENT | 11/30/2019 | 144 DAYS | 11/30/2020 |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4734 | N/A | N/A | 6/6/2023 |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4756 | N/A | N/A | 6/28/2023 |
| AVIACION CENTAURUS, A.I.E | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4773 | N/A | N/A | 7/11/2023 |
| AVIACIÓN CENTAURUS, A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4662 | N/A | N/A | 4/28/2023 |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4000 | N/A | N/A | 8/28/2021 |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4163 | N/A | N/A | 2/8/2022 |
| AVIACIÓN TRITÓN A.I.E. | BOADILLA DEL MONTE (MADRID), AVENIDA DECANTABRIA, SIN NÚMERO, EDIFICIO AMAZONIA, PLANTA 2 | | | MADRID | | 28660 | SPAIN | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 4171 | N/A | N/A | 2/9/2022 |
| MARSH LTD | ATTN: GENERAL COUNSEL | 1 TOWER PLACE WEST, TOWER PLACE | | LONDON | | EC3R 5BU | UNITED KINGDOM | INSURANCE AGREEMENT - POLICY NO. C20/TAMC/01073 | 3/31/2020 | 265 DAYS | 3/31/2021 |
| STARR INTERNATIONAL SEGUROS GENERALES S.A. | ATTN: GENERAL COUNSEL | AV. APOQUINDO 2929. PISO 14 | | LAS CONDES, SANTIAGO | | | CHILE | INSURANCE AGREEMENT - POLICY NO. 000346 (CHILE) | 11/30/2019 | N/A | N/A |
| WACAPOU LEASING S.A. | 412F, ROUTE D'ESCH, L-1030 | | | LUXEMBOURG | | L-1030 | LUXEMBOURG | SALES AGENCY AGREEMENT (DEBTOR IS A SALES AGENT); MSN 3662 | N/A | N/A | 12/1/2021 |

**Fill in this information to identify the case:**

Debtor name   **TAM S.A.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **20-11597**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the **Additional Page to this page.**

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **See Attached Schedule H** | | | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

In re TAM S.A.
Case No. 20-11597
Schedule H: Codebtors

| Name of Codebtor | Address1 | Address2 | City | State | Zip | Country | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|---|---|
| EXPORT-IMPORT BANK OF THE UNITED STATES IN ITS AGREEMENT WITH GOLONDRINA LEASING LLC | 811 VERMONT AVE NW | | WASHINGTON | DC | 20571 | | WELLS FARGO (AS FACILITY AGENT, EXIM ISSUED BY GOLONDRINA LEASING LLC) | F |
| EXPORT-IMPORT BANK OF THE UNITED STATES IN ITS AGREEMENT WITH ZARAPITO LEASING LLC | 811 VERMONT AVE NW | | WASHINGTON | DC | 20571 | | CITIBANK (AS FACILITY AGENT, EXIM ISSUED BY ZARAPITO LEASING LLC) | F |
| FIDELIDADE VIAGENS E TURISMO S.A. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | LAN TUR (LITIGATION) | F |
| LATAM AIRLINES ECUADOR S.A. | CONECTOR ALPACHACA S/N EDIFICIO, QUITO AIRPORT CENTER, QUITO ECUADOR | | QUITO | | | ECUADOR | CONSUMIDORES LIBRES COOP. LTDA (LITIGATION) | F |
| LATAM AIRLINES GROUP S.A. | ESTADO 10, PISO 11 | | SANTIAGO | | | CHILE | CONSUMIDORES LIBRES COOP. LTDA (LITIGATION) | F |
| LATAM AIRLINES PERÚ S.A. | AVENIDA ANDRÉS REYES N°338 PISO 6, SAN ISIDRO PERU | | LIMA | | | PERU | CONSUMIDORES LIBRES COOP. LTDA (LITIGATION) | F |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN TRITÓN A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN TRITÓN A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN TRITÓN A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN CENTAURUS, A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN CENTAURUS, A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN CENTAURUS, A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | AVIACIÓN CENTAURUS, A.I.E. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | SG INFRASTRUCTURE ITALIA S.R.L. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | FLYAFI 1 S.R.L. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | FLYAFI 2 S.R.L. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | FLYAFI 3 S.R.L. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | NBB SÃO PAULO LEASE CO., LIMITED (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | NBB RIO DE JANEIRO LEASE CO., LTD. AND NBB BRASILIA LEASE LLC (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | SL ALCYONE LTD. (AS LESSOR, SPV LEASE) | F, G |
| TAM LINHAS AÉREAS S.A. | RUA VERBO DIVINO, 2001, 17TH FLOOR, UNIT. 172, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | WACAPOU LEASING S.A. (AS LESSOR, SPV LEASE) | F, G |

In re TAM S.A.
Case No. 20-11597
Schedule H: Codebtors

| Name of Codebtor | Address1 | Address2 | City | State | Zip | Country | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|---|---|
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | PERI VIAGENS AGENCIA DE TURISMO LTDA (LITIGATION) | F |
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | QUALITÁ TOUR OPERADORA E AGENCIA DE TURISMO LTDA-ME (LITIGATION) | F |
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | LR7 TOUR VIAGENS E TURISMO EIRELLI ME (LITIGATION) | F |
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | LAN TUR (LITIGATION) | F |
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | URIEL VIAGENS E TURISMO LTDA (LITIGATION) | F |
| TP FRANCHISING LTDA. | RUA VERBO DIVINO, 2001, 13TH FLOOR, UNIT. 132, CHACARA SANTO ANTONIO | | SÃO PAULO | SP | 04719-002 | BRAZIL | LR7 TOUR VIAGENS E TURISMO EIRELLI ME (LITIGATION) | F |
| LAN CARGO S.A. | ESTADO 10, PISO 13 | | SANTIAGO | | | CHILE | WELLS FARGO (AS FACILITY AGENT, EXIM ISSUED BY GOLONDRINA LEASING LLC) | F |
| LAN CARGO S.A. | ESTADO 10, PISO 13 | | SANTIAGO | | | CHILE | CITIBANK (AS FACILITY AGENT, EXIM ISSUED BY ZARAPITO LEASING LLC) | F |
| TRANSPORTE AÉREO S.A. | ESTADO 10, PISO 11 | | SANTIAGO | | | CHILE | WELLS FARGO (AS FACILITY AGENT, EXIM ISSUED BY GOLONDRINA LEASING LLC) | F |
| TRANSPORTE AÉREO S.A. | ESTADO 10, PISO 11 | | SANTIAGO | | | CHILE | CITIBANK (AS FACILITY AGENT, EXIM ISSUED BY ZARAPITO LEASING LLC) | F |

**Fill in this information to identify the case:**

Debtor name    **TAM S.A.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **20-11597**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■    *Schedule H: Codebtors* (Official Form 206H)

■    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    September 8, 2020          X /s/ Ramiro Alfonsín Balza
                                            Signature of individual signing on behalf of debtor

                                            **Ramiro Alfonsín Balza**
                                            Printed name

                                            **Chief Financial Officer**
                                            Position or relationship to debtor